UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SHARON POTTS AND                    §
JEFFREY JOHNSON                     §
                                    §           CIVIL ACTION NO. 09-1031
v.                                  §              [JURY DEMANDED]
                                    §
CONAGRA FOODS, INC.                 §

# EXHIBIT "A" to Notice of Removal
Active Documents in State Court Action

Filed
09 April 23 P2:11
John Warren
County Clerk
Dallas County

CAUSE NO. *CC-09-03309-B*

| | | |
|---|---|---|
| SHARON POTTS and<br>JEFFREY JOHNSON | §<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE COUNTY COURT<br><br>AT LAW NO. *2*<br><br>DALLAS COUNTY, TEXAS |
| v. | | |
| CONAGRA FOODS, INC. | | |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SHARON POTTS and JEFFREY JOHNSON (hereinafter collectively referred to as "Plaintiffs"), complaining of CONAGRA FOODS, INC. (hereinafter referred to as "Defendant"), and would respectfully show the Court the following:

### I.

### DISCOVERY LEVEL

This case should be conducted according to the Texas Rules of Civil Procedure governing Level 2 Discovery.

### II.

### PARTIES

1.    Plaintiff, SHARON POTTS , is a citizen and resident of Dallas, Dallas County, Texas.

2.    Plaintiff, JEFFREY JOHNSON, is a citizen and resident of Dallas, Dallas County, Texas.

PLAINTIFFS' ORIGINAL PETITION - Page 1

3.    Defendant, CONAGRA FOODS, INC., is a Delaware corporation doing business in the state of Texas, and who can be served with process by serving its registered agent **PRINCTICE HALL CORP.** who is located at *701 Brazos Street, Suite 1050, Austin, Texas 78701.*

### III.

### VENUE AND JURISDICTION

Venue is proper in Dallas County, Texas because the cause of action made the basis of this litigation accrued in Dallas County, Texas. Jurisdiction is proper in the courts of Dallas County, Texas because as each of the individual Plaintiff's damages are less than $75,000.00, exclusive of interest and costs.

### IV.

### FACTS

That on or about June 19, 2007, Plaintiffs SHARON POTTS and JEFFREY JOHNSON purchased a jar of Great Value brand peanut butter, with the product code / batch number "2111" on the lid, which was manufactured by Defendant CONAGRA FOODS, INC., at a grocery store in Dallas, Dallas County, Texas.

After ingesting the contaminated peanut butter, Plaintiff SHARON POTTS began having symptoms including painful abdominal cramps, nausea, and vomiting, and diarrhea, necessitating emergency medical treatment at a hospital.

After ingesting the contaminated peanut butter, Plaintiff JEFFREY JOHNSON began having symptoms including painful abdominal cramps, nausea, and vomiting, and diarrhea, necessitating medical treatment.

V.

## CAUSES OF ACTION

A.   **NEGLIGENCE**

Salmonella is a bacterium that lives in the intestinal tracts of humans and other animals and the bacteria is usually transmitted to humans by eating foods contaminated with feces of animals such as birds or rats.  Food may also become contaminated by the unwashed hands of an infected food handler / worker and contaminated food usually looks and smells normal.   In order for Defendant CONAGRA FOODS, INC., to inject the Plaintiffs, feces infected with Salmonella made its way inside batch number "2111" of the peanut butter which was purchased by the Plaintiffs.  The Defendant knew or should have known that allowing ill employees to process, handle, and prepare food presented a serious risk to customers.  The above-described acts and the specific acts or negligence and/or omissions render the Defendant liable to the Plaintiffs, *inter alia:*

1.    Failing to remove or replace the infected food worker for contact with food items available to the Defendant's product when that food worker(s) appeared visibly ill;

2.    In allowing employees to process, handle, and prepare food after the employee(s) appeared ill;

3.    Failing to require food handlers to wear gloves while handling food items;

4.   In failing to warn its customers of the possible danger of a Salmonella infection by an infected food worker(s);

5.   Failing to place signs in the restroom reminding food workers to wash their hands;

6.   Failing to manufacture its peanut butter in a reasonably safe condition, to refrain from creating unreasonably dangerous conditions with respect to its peanut butter and/or to correct any known unreasonably dangerous conditions that it knew or should have know about in its production factory;

7.   Failing to manufacture its peanut butter in a reasonably safe condition, by creating an unreasonably dangerous condition when it manufactured peanut butter that contained salmonella bacteria, and/or by not taking adequate precautions to ensure that the peanut butter was not sold in an unreasonably dangerous condition;

8.   Failing to exercise ordinary care in the manufacturing, packaging, distribution and sale of its peanut butter and manufactured, distributed and sold peanut butter contaminated with Salmonella;

9.   Failing to exercise a degree of reasonable care wherein they knew or should have known that if its peanut butter was not properly manufactured, packaged, distributed and sold, such peanut butter was likely to be contaminated with Salmonella and therefore, unreasonably dangerous to its consumers;

10.  Failing to properly maintain its roof;

11.  Failing to properly maintain its inside sprinkler systems;

12.  Failing to properly inspect its roof on a regular basis;

13.  Failing to properly inspect its inside sprinkler system on a regular basis;

14.  Failing to properly inspect for water leakage inside its building on a regular basis;

15.  Failing to properly disinfect its building after water leakage is defected in the building;

16.  Failing to store raw peanuts at a safe distance from cooked peanuts;

17.  Failing to properly separate raw peanuts from cook peanuts;

18.  Failing to properly manage the egress and ingress of persons between the ones which stored or dealt with raw peanuts and cooked peanuts; and

19.    Failing to require persons to properly disinfect themselves after being in the areas which stored or dealt with raw peanuts.

The above-described acts constitute negligence and were a proximate cause of the occurrence in question and were a proximate cause of Plaintiffs' damages and severe injuries made the basis of this litigation.

**B.    REACH OF IMPLIED WARRANTY OF FITNESS FOR HUMAN CONSUMPTION**

Plaintiffs SHARON POTTS and JEFFREY JOHNSON allege that Defendant sold peanut butter contaminated with Salmonella. The food was unfit for human consumption. As a result, the Defendant breached its implied warranty of fitness for human consumption as a matter of law and are strictly liable unto Plaintiffs for that breach. This breach was the proximate cause of the occurrence in question and was a proximate cause of Plaintiffs' injuries and damages.

**C.    STRICT LIABILITY**

Under Texas law, food is considered a product, and the sale of a defective product renders the seller strictly liable for any damages caused by the product. By contaminating the food sold with Salmonella, the food became unreasonably dangerous and defective. The sale of this defective food, and the Plaintiffs' ingestion of it, were a proximate cause of the occurrence in question and was a proximate cause of Plaintiffs' injuries and damages.

**D.    NEGLIGENCE PER SE**

As a result of the above described actions, the Defendant violated laws and/or regulations of the State of Texas including but not limited to, the following:

---

1.    Defendant processed food and employed a person(s) infected with Salmonella to handle food, utensils, dishes and/or serving implements in violation of Texas Health & Safety Code §438.032(b);

2.    Defendant employed a person infected with Salmonella to handle food, ingredients, and/or other implements for public consumption or use while the employee was infected with Salmonella. An employee so acting does so in violation of Texas Health & Safety Code §438.032(a). Defendant is vicariously liable under the doctrine of respondent superior for the actions of its employees;

3.    Defendant failed to require employees who processed food and/or serving implements to undergo a medical examination for infectious diseases as required by Texas Health & Safety Code §438.033(a)(1) and (b), for the protection of consumers such as Plaintiffs from the foreseeable risk of transmission of infectious diseases such as Salmonella;

4.    The Defendant failed to obtain medical certification that their employees who handle or process food were free infectious diseases as provided by Texas Health & Safety Code §438.033(a)(2), for the protection of consumers such as Plaintiff from the foreseeable risk of transmission of infectious diseases such as Salmonella;

5.    Defendant was negligent in failing to implement screening policies or testing procedure and any prog4rams to eliminate or to reasonably minimize the foreseeable risk of the transmission of infectious diseases such as Salmonella to consumers such as Plaintiffs;

6.    Defendant was negligent in failing to restrict their employee injected with Salmonella to tasks that did not involve the handling of food or process equipment;

7.    Defendant was negligent in failing to warn Plaintiffs' of the foreseeable risk of the transmission of infectious diseases such as Salmonella;

8.    The Defendant violated Section 110.10(a) of the Code of Federal Regulations Title 21, Volume 2. This Section requires any person who, by medical examination or supervisory observation, is shown to have, or appears to have, an illness, open lesion, including boils, sores, or infected wounds, or other abnormal source of microbial contamination by which there is a reasonable possibility of food, food-contact surfaces, or food packaged materials becoming contaminated, shall be excluded from any operation which may be expected to result in such contamination until the condition is corrected. Personnel shall be instructed to report such health conditions to their supervisors;

9.    Defendant violated §110.10(b) of the Code of Federal Regulations Title 21, Volume 2. This Section provides that all persons working in direct contact with food and foo-contact surfaces, and food-packaging materials shall conform to hygienic practice while on duty to the extent necessary to protect against contamination of food;

10.    The Defendant violated Section 229.163(d) of the Texas Food Establishment Rules promulgated by the Texas Department of Health, Bureau of Food and Drug Safety, Retail Foods Division by failing to require food employees to report to the person in charge, information about their health and activities as they relate to diseases that are transmissible through food. A food employee shall report the information in a manner that allows the person in charge to prevent the likelihood of food-born disease transmission, including the date of onset of jaundice or of an illness, infection, or other source that is associated with an acute gastrointestinal illness such as diarrhea, fever or vomiting. Future, §229.163(d) requires the person in charge to exclude a food employee from the food establishment if the food employee is diagnosed with an infectious agent such as Salmonella and shall restrict the food employee from working with exposed food, cleaning equipment, utensils, and linens, and unwrapped single-service and single-use articles in the food establishment if the employee is suffering from an acute gastrointestinal illness such as diarrhea, fever, and vomiting.

11.    Defendant's employees failed to keep clean in violation of §229.163(e) of the Texas Food Establishment Rules promulgated by the Texas Department of Health, Bureau of Food and Drug Safety, Retail Foods Division; and

12.    The Defendant violated Title 21, Volume 8, §1250.35(a) of the Code of Federal Regulations by employing a person or a carrier of communicable disease. The law mandates that any person who is known or suspected to be in a communicable period or a carrier of any communicable disease shall not be permitted to engage in the preparation, handling, or serving of water, other beverages, or food.

The above-described act constitute negligence per se and were, singularly and in concert, a proximate cause of the occurrence in question and were a proximate cause of Plaintiffs' damages.

## VI.

## FAILURE TO PREVENT FURTHER INJURY
## AND FAILURE TO REMEDIATE HARM

Over 300 cases of Salmonella have been reported in 39 states since August 2006. Eighty-five percent of the victims reported eating peanut butter. At all times pertinent to this incident, Defendant CONAGRA FOODS, INC., knew or should have known their product was a source of a devastating outbreak yet did nothing to warn consumers who purchased peanut butter for their facilities. As a creator of a dangerous situation, the Defendant owed a duty to do something about that dangerous situation to prevent injury to others to whom it reasonably appears or should appear that, in the exercise of their lawful rights may be injured thereby.

In addition, and in the alternative, by assuming a duty to warn the public about the Salmonella outbreak made the basis of this lawsuit, the Defendant was under a duty to exercise reasonably reasonable care in performing this undertaking. The Defendant's breach of these duties include, but is not limited to:

1. Failing to adequately warn its customers of the possible danger of Salmonella infection;

2. Failing to advise its customers to see a doctor for Salmonella exposure;

3. Failing to make reasonable steps to safeguard customers and the public from exposure to Salmonella.

## VII.

## MALICE

Plaintiffs will show on the occasion in question, Defendant CONAGRA FOODS, INC., individually and/or collectively, acted with malice in that:

---

An act or omission by the Defendant,

1.    When viewed objectively from the standpoint of the Defendant, individually at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others;

2.    Of which the Defendant had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others.

## VIII.

## EXEMPLARY DAMAGES

Plaintiffs request that they each be awarded exemplary damages for the malicious conduct of Defendant as a penalty or by way of punishment because the conduct of Defendant offends a public sense of justice and propriety.

As shown above, the Defendant's conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant acted with a conscious indifference or reckless disregard for the rights, safety, and welfare of Plaintiffs SHARON POTTS and JEFFREY JOHNSON.

## IX.

## PLAINTIFF SHARON POTT'S DAMAGES

As a proximate and producing result of Defendant's conduct, Plaintiff SHARON POTTS has suffered severe injuries. As a result of Plaintiff's injuries, Plaintiff has suffered the following damages:

1.    Past and future medical and hospital bills;

2.    Past and future physical pain;

3.    Past and future mental pain and anguish;

4.    Past and future physical impairment;

5.    Loss of earnings in the past and future;

6.    Loss of earning capacity;

7.    Past and future transportation costs to health care providers

8.    Other elements of damage which may be shown at the time of trial.

Plaintiff SHARON POTTS, respectfully requests this Honorable Court and Jury to determine the amount of loss she has incurred from a financial standpoint, but also in terms of good health and freedom from her pain, worry and disability and loss of peace of mind. Further there are certain elements of damages provided by law that will reasonably and fairly compensate Plaintiff for the damages and losses sustained in the past and which she will sustain in the future. The elements of damages to be considered and claimed by the Plaintiff from the time of the accident until the time of the trial that will reasonably and fairly compensate the Plaintiff, as follows:

1.    The physical pain suffered by Plaintiff from the date of the accident until the time of the trial.

2.    The mental pain, anguish, suffering, anxiety and worry suffered by Plaintiff from the date of the accident until the time of trial.

3.    The reasonable and necessary medical, and hospital expenses incurred by Plaintiff from the time of the trial.

4.    The damages and losses from physical and emotional impairment suffered by Plaintiff and the resulting inability to do her normal activities, work, tasks, and services that she ordinarily would have been able to do from the date the accident to the time of the trial of this lawsuit.

5.    The disability sustained by Plaintiff to her body as a whole from the date of the accident until the time of the trial of this lawsuit.

6.    The reasonable and necessary transportation costs going to and from the doctors' offices from the date of the accident until the time of the trial of this lawsuit.

From the date of the trial of this cause to the future, the elements of damages to be considered separately by the Court and the Jury that Plaintiff will sustain in the future are as follows:

1. The physical pain Plaintiff will suffer in the future after the trial of this lawsuit.

2. The mental pain, anguish, suffering, anxiety and worry suffered by Plaintiff in the future beyond the time of the trial.

3. The reasonable and necessary medical, chiropractic and hospital expenses that will be incurred in the future in the treatment of Plaintiff's physical emotional and psychological injuries incurred from the Plaintiff's injuries beyond the time of the trial of this lawsuit.

4. The damages and losses from physical and emotional impairment suffered by Plaintiff and the resulting inability to do her normal activities, tasks and services that she ordinarily would have been able to do beyond the time of the trial.

5. The disability sustained by Plaintiff to her body as a whole from the date of the accident until the time of the trial of this lawsuit.

6. The reasonable and necessary transportation costs going to and from the doctors' offices from the date of the accident until the time of the trial of this lawsuit.

As a direct and proximate cause of Defendant CONAGRA FOODS, INC.'s negligence, Plaintiff seeks damages in the amount of **TWENTY THOUSAND DOLLARS ($25,000.00)** from Defendant CONAGRA FOODS, INC.

## X.

## PLAINTIFF JEFFREY JOHNSON'S DAMAGES

As a proximate and producing result of Defendant's conduct, Plaintiff JEFFREY JOHNSON has suffered severe injuries. As a result of Plaintiff's injuries, Plaintiff has suffered the following damages:

1.    Past and future medical and hospital bills;

2.    Past and future physical pain;

3.    Past and future mental pain and anguish;

4.    Past and future physical impairment;

5.    Loss of earnings in the past and future;

6.    Loss of earning capacity;

7.    Past and future transportation costs to health care providers

8.    Other elements of damage which may be shown at the time of trial.

Plaintiff JEFFREY JOHNSON, respectfully requests this Honorable Court and Jury to determine the amount of loss he has incurred from a financial standpoint, but also in terms of good health and freedom from her pain, worry and disability and loss of peace of mind. Further there are certain elements of damages provided by law that will reasonably and fairly compensate Plaintiff for the damages and losses sustained in the past and which she will sustain in the future. The elements of damages to be considered and claimed by the Plaintiff from the time of the accident until the time of the trial that will reasonably and fairly compensate the Plaintiff, as follows:

1.    The physical pain suffered by Plaintiff from the date of the accident until the time of the trial.

2.    The mental pain, anguish, suffering, anxiety and worry suffered by Plaintiff from the date of the accident until the time of trial.

3.    The reasonable and necessary medical, and hospital expenses incurred by Plaintiff from the time of the trial.

4.     The damages and losses from physical and emotional impairment suffered by Plaintiff and the resulting inability to do his normal activities, work, tasks, and services that he ordinarily would have been able to do from the date the accident to the time of the trial of this lawsuit.

5.     The disability sustained by Plaintiff to his body as a whole from the date of the accident until the time of the trial of this lawsuit.

6.     The reasonable and necessary transportation costs going to and from the doctors' offices from the date of the accident until the time of the trial of this lawsuit.

From the date of the trial of this cause to the future, the elements of damages to be considered separately by the Court and the Jury that Plaintiff will sustain in the future are as follows:

1.     The physical pain Plaintiff will suffer in the future after the trial of this lawsuit.

2.     The mental pain, anguish, suffering, anxiety and worry suffered by Plaintiff in the future beyond the time of the trial.

3.     The reasonable and necessary medical, chiropractic and hospital expenses that will be incurred in the future in the treatment of Plaintiff's physical emotional and psychological injuries incurred from the Plaintiff's injuries beyond the time of the trial of this lawsuit.

4.     The damages and losses from physical and emotional impairment suffered by Plaintiff and the resulting inability to do his normal activities, tasks and services that he ordinarily would have been able to do beyond the time of the trial.

5.     The disability sustained by Plaintiff to his body as a whole from the date of the accident until the time of the trial of this lawsuit.

6.     The reasonable and necessary transportation costs going to and from the doctors' offices from the date of the accident until the time of the trial of this lawsuit.

As a direct and proximate cause of Defendant CONAGRA FOODS, INC.'s negligence, Plaintiff JEFFREY JOHNSON seeks damages in the amount of **TWENTY THOUSAND DOLLARS ($25,000.00)** from Defendant CONAGRA FOODS, INC.

---

PLAINTIFFS' ORIGINAL PETITION - Page 13

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that Defendant CONAGRA

FOODS, INC., be cited to appear and answer herein, and upon final trial hereof, the Plaintiffs

have judgment of and from the Defendant as follows:

1.  Judgment for Plaintiffs' damages is in excess of the minimum jurisdictional limits;

2.  Exemplary damages in an amount to be determined by the trier of fact;

3.  Attorneys' fees;

4.  Plaintiffs' total damages shall not exceed $75,000.00, exclusive of interest and costs. *See, Perry v. Hartford Ins. Co. Of Midwest*, 198 F.Supp. 2d 836 (E.D. Tex. 2002).

5.  Prejudgment interest on Plaintiffs' damages at the highest rate allowed by law;

6.  Costs of court;

7.  Interest on said judgment at a legal rate from the date of judgment; and

8.  Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**JIMMY C. BAILEY & ASSOCIATES, P.C.**

JIMMY C. BAILEY
State Bar No. 01526500
DEBRA L. SIMS
State Bar No. 24051342

6440 N. Central Expressway, Suite 402
Dallas, Texas 75206
214-220-0200 (office)
214-754-0515 (facsimile)

**ATTORNEYS FOR PLAINTIFFS**

Filed
09 May 28 A10:37
John Warren
County Clerk
Dallas County

NO. CC-09-03309-B

| | | |
|---|---|---|
| SHARON POTTS AND | § | IN THE COUNTY COURT AT LAW |
| JEFFREY JOHNSON | § | |
| | § | |
| v. | § | NUMBER TWO OF |
| | § | |
| CONAGRA FOODS, INC. | § | DALLAS COUNTY, T E X A S |

### DEFENDANT'S ORIGINAL ANSWER TO
### PLAINTIFFS' ORIGINAL PETITION



TO THE HONORABLE JUDGE OF SAID COURT:

ConAgra Foods, Inc. (hereinafter referred to as "ConAgra") files its Original Answer and in this connection would respectfully show unto the Court and Jury the following:

**I.**

### General Denial

At this time ConAgra asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that the Court and Jury require Plaintiffs to prove Plaintiffs' claims, charges, and allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

**II.**

ConAgra respectfully reserves the right to amend this answer to Plaintiffs' allegations after it has had an opportunity to more closely investigate the claims, as is its right and privilege under the Texas Rules of Civil Procedure and the Laws of the State of Texas.

**III.**

Pleading further, and in the alternative, without waiving the foregoing, Plaintiffs' cause of action fails in whole or part to state a claim upon which relief can be granted.

**IV.**

Alternatively, Plaintiffs' cause of action is preempted by applicable state or federal regulations.

**V.**

ConAgra denies that Plaintiffs were injured to the extent alleged and calls for strict proof thereof.

**VI.**

ConAgra would show that the affirmative defense and/or doctrine of statute of limitations bar in whole or in part the claims asserted by Plaintiffs.

**VII.**

ConAgra would show that the affirmative defense and/or doctrine of laches bars in whole or in part the claims asserted by Plaintiffs.

**VIII.**

ConAgra would show that the affirmative defense and/or doctrine of estoppel bars in whole or in part the claims asserted by Plaintiffs.

**IX.**

ConAgra would show that the affirmative defense and/or doctrine of assumption of risk bars in whole or in part the claims asserted by Plaintiffs.

**X.**

ConAgra would show that the affirmative defense and/or doctrine of last clear chance doctrine bars in whole or in part the claims asserted by Plaintiffs.

**XI.**

ConAgra would show that the affirmative defense and/or doctrine of failure to mitigate damages bars in whole or in part the claims asserted by Plaintiffs.

## XII.

ConAgra would show that the affirmative defense and/or doctrine of contributory negligence bars in whole or in part the claims asserted by Plaintiffs.

## XIII.

ConAgra did not cause the injuries complained of by Plaintiffs.

## XIV.

Plaintiffs' alleged injuries were caused by other events, conditions, instrumentalities, and/or acts or omissions of an individual or entity over whom or which ConAgra exercised no control.

## XV.

Plaintiffs' alleged injuries were caused by an intervening or superseding cause.

## XVI.

Plaintiffs' alleged damages were the result, in part, of pre-existing injuries or conditions.

## XVII.

The negligence of Plaintiffs and their failure to use that degree of care as would have been used by ordinary, reasonable, and prudent persons under the same or similar circumstances was a, or the sole, proximate cause of their injuries. Any recovery by Plaintiffs should be reduced or barred, as appropriate, in accordance with Chapter 33 of the Texas Civil Practice & Remedies Code, or other applicable law.

## XVIII.

ConAgra specifically denies that it violated any federal, state or local statute, ordinance or other law as alleged by Plaintiffs in their latest petition, including but not limited to Sections

22140.potts.answer                                                                    Page 3

438.032(a) and (b) of the Texas Health & Safety Code, Sections 110.10(a) and 1250.35(a) of the Code of Federal Regulations Title 21, Volume 2, and Sections 229.163(d) and (e) of the Texas Food Establishment Rules.

### XIX.

The negligence of others, over whom ConAgra exercises no control, was a, or the sole, proximate cause of Plaintiffs' injuries, including but not limited to settling parties and/or responsible third parties. Any recovery by Plaintiffs should be reduced or barred, as appropriate, in accordance with Chapter 33 of the Texas Civil Practice & Remedies Code, or other applicable law.

### XX.

No act or omission of ConAgra has caused injuries to Plaintiffs.

### XXI.

ConAgra's product conformed to the state of the art for the design and manufacture of similar products at all times relevant to this litigation.

### XXII.

ConAgra denies that it breached any express or implied warranty. ConAgra further states that Plaintiffs failed to give proper notice of an alleged breach of warranty as required by applicable law.

### XXIII.

ConAgra's product was not unreasonably dangerous, given the state of knowledge regarding such products.

### XXIV.

ConAgra would further show that Plaintiffs' illnesses, if any, were the result of natural health processes and would have occurred just as they did irrespective of the ConAgra's actions or conduct.

### XXV.

Plaintiffs are estopped to pursue relief in this action against ConAgra to the extent that Plaintiffs proceed with prosecution of any other class, consolidated, or individual action in any jurisdiction against ConAgra, including but not limited to those certain actions instituted prior to or subsequent to this action.

### XXVI.

In the event that a judgment is entered in favor of Plaintiffs, ConAgra requests set-off for funds paid in settlement on behalf of other alleged joint tortfeasors and settling parties.

### XXVII.

At the time the product alleged to have caused Plaintiffs' damages was manufactured, ConAgra employed all available state of the art scientific and technical knowledge to produce a product that conformed to the highest standards of the industry.  Moreover, at the time of its manufacture, the product conformed to the customary designs, methods, standards and techniques of manufacturing, inspecting and testing of other manufacturers of similar products, thereby barring Plaintiffs' claims.

### XXVIII.

At all material times, ConAgra acted with due care and complied with applicable statutory, regulatory, and common law requirements.  Accordingly, some or all of the Plaintiffs'

claims are or may be barred by ConAgra's compliance with all applicable state, federal, and local laws and regulations.

### XXIX.

Some or all of Plaintiffs' claims are not properly before this Court because of the doctrine of primary jurisdiction. This Court should abstain and defer to the jurisdiction of public agencies, including but not limited to, the U.S. Food and Drug Administration and applicable state agencies.

### XXX.

ConAgra specifically denies that it acted with malice as alleged in Plaintiffs' latest petition.

### XXXI.

Plaintiffs' claims are limited by this jurisdiction's cap on punitive damages.

### XXXII.

Pleading further, and in the alternative, if such be necessary, and without waiving the foregoing, ConAgra would invoke the provisions of Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to the provisions concerning the standards and the limitations on recovery of punitive and/or exemplary damages.

### XXXIII.

Pleading further, and in the alternative, if such be necessary, and without waiving the foregoing, ConAgra was not grossly negligent and thus cannot be held responsible or liable for alleged gross negligence and/or punitive damages. See Transportation Ins. Co. v. Moriel, 879 S.W.2d 10 (Tex. 1994).

## XXXIV.

Any award of punitive damages against ConAgra in this matter based on ConAgra's conduct outside of this jurisdiction would impose unreasonable state limitations on interstate commerce in violation of the Commerce Clause of the United States Constitution and would be in violation of the United States' Supreme Court's holding in State Farm v. Campbell, 538 U.S. 408, 154 L. Ed. 2d 585, 123 S. Ct. 1513 (2003).

## XXXV.

Any award of punitive damages against ConAgra in this matter would violate ConAgra's guarantees of due process, equal protection, property and protection against excessive fines under the Fourteenth Amendment to the United States Constitution and under applicable law of this jurisdiction.

## XXXVI.

Punitive damages may not be awarded:

(a)     Without proof of every element beyond a reasonable doubt, or in the alternate without proof by clear convincing evidence;

(b)     Without bifurcating the trial of all punitive issues, including punitive liability;

(c)     With no limits, including the maximum amount that a jury may impose in this jurisdiction;

(d)     With no limits, including the constitutional prohibition against punitive damages awards being greater than a single-digit multiplier of any compensatory damages award, See State Farm v. Campbell, 538 U.S. 408, 154 L. Ed. 2d 585, 123 S. Ct. 1513 (2003);

(e)     Which improperly compensates Plaintiffs for elements of damage not otherwise recognized under the laws of this jurisdiction;

(f)    Without standards or sufficient clarity for determining the appropriateness of appropriate size of the award;

(g)    Without consideration of the three constitutional guideposts of reprehensibility, ratio, and civil penalties, See State Farm v. Campbell 538 U.S. 408, 154 L. Ed. 2d 585, 123 S. Ct. 1513 (2003);

(h)    Without appropriate instructions on the limits of punitive damages imposed by the applicable principles of deterrence and punishment;

(i)    Under a vague and arbitrary standard that does not define the necessary conduct or mental state required for punitive damages; and

(j)    Without judicial review on the basis of objective standards, including the three constitutional guideposts of reprehensibility, ratio, and civil penalties, See State Farm v. Campbell, 538 U.S. 408, 154 L. Ed. 2d 585, 123 S. Ct. 1513 (2003).

### XXXVII.

Any award of punitive damages against ConAgra in this matter would violate ConAgra's guarantees of due process of protection against double jeopardy, excessive fines and multiple punishments under the Fifth and Fourteenth Amendments to the United States Constitution and under applicable law of this jurisdiction, since ConAgra is subject to multiple punitive awards for the same alleged wrong or conduct.

### XXXVIII.

Any calculation or award of punitive damages against this ConAgra based in whole or in part upon this ConAgra's alleged conduct toward nonparties is unconstitutional and constitutes a taking of ConAgra's property without due process. Philip Morris USA v. Williams, 127 S.Ct. 1057 (2007).

### XXXIX.

Any award of punitive damages against ConAgra in the matter based upon a single course of conduct or enterprise for which punitive damages have already been imposed would constitute unreasonable state limitations on interstate commerce in violation of the Commerce Clause of the United States Constitution.

### XL.

ConAgra reserves the right to raise any additional defenses as may be revealed by discovery or investigation in this matter.

### XLI.

ConAgra requests that this Honorable Court enter an order permitting the parties to conduct discovery under Level 3 of the applicable guidelines of the Texas Rules of Civil Procedure.

Respectfully submitted,

LOOPER, REED & McGRAW, P.C.

By: _____

A.M. "Andy" LANDRY III (SBOT #11868750)
J.J. HARDIG, JR. (SBOT #24010090)
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7000
Facsimile: (713) 986-7100
ATTORNEYS FOR DEFENDANT/
CONAGRA FOODS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record herein on this the _____ day of _____, 2009, according to the Texas Rules of Civil Procedure.

# DOCKET SHEET
## CASE NO. CC-09-03309-B

| | | |
|---|---|---|
| SHARON POTTS, JEFFREY JOHNSON<br>vs. CONAGRA FOODS INC | §<br>§<br>§<br>§ | Location: **County Court at Law No. 2**<br>Judicial Officer: **FIFER, KING**<br>Filed on: **04/23/2009** |

---

### CASE INFORMATION

Case Type: **DAMAGES (NON COLLISION)**
Sub Type: **NEGLIGENCE**

Case Flags: **JURY FEE HAS BEEN PAID**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | CC-09-03309-B |
| Court | County Court at Law No. 2 |
| Date Assigned | 04/23/2009 |
| Judicial Officer | FIFER, KING |

---

### PARTY INFORMATION

| | | Lead Attorneys | |
|---|---|---|---|
| **PLAINTIFF** | **JOHNSON, JEFFREY** | **SIMS, DEBRA L.**<br>*Retained*<br>*6440 N. CENTRAL*<br>*EXPWY.*<br>*SUITE 402*<br>*DALLAS, TX 75206* | 214-220-0200 |
| | **POTTS, SHARON** | **SIMS, DEBRA L.**<br>*Retained*<br>*6440 N. CENTRAL*<br>*EXPWY.*<br>*SUITE 402*<br>*DALLAS, TX 75206* | 214-220-0200 |
| **DEFENDANT** | **CONAGRA FOODS INC**<br>*SERVING ITS REGISTERED AGENT, PRENTICE HALL*<br>*CORP.*<br>*701 BRAZOS STREET, SUITE 1050*<br>*AUSTIN, TX 78701* | **LANDRY, ANDRE A M**<br>*Retained*<br>*LOOPER, REED &*<br>*MCGRAW*<br>*1300 POST OAK*<br>*BLVD*<br>*SUITE 2000*<br>*HOUSTON, TX 77056* | 713-986-7000 |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 04/23/2009 | ORIGINAL PETITION (OCA - NEW CASE FILED) | |
| 04/23/2009 | ISSUE CITATION<br>Party: DEFENDANT CONAGRA FOODS INC | |
| 04/23/2009 | **CITATION**<br>CONAGRA FOODS INC      served  05/06/2009 | |
| 05/28/2009 | ORIGINAL ANSWER<br>Party: DEFENDANT CONAGRA FOODS INC | |

# COUNTY COURT AT LAW No. 2

# DOCKET SHEET
## CASE NO. CC-09-03309-B

| | |
|---|---|
| | *ec057j015418962* |
| 05/29/2009 | BAILIFF DEMAND |
| 05/29/2009 | JURY TRIAL DEMAND |
| 08/28/2009 | **DISMISSAL HEARING** (9:00 AM)  (Judicial Officer: FIFER, KING) |

| DATE | FINANCIAL INFORMATION |
|---|---|

**DEFENDANT**  CONAGRA FOODS INC
Total Charges                                                   61.00
Total Payments and Credits                              0.00
**Balance Due as of  6/1/2009**                       **61.00**

**PLAINTIFF**  POTTS, SHARON
Total Charges                                                 208.00
Total Payments and Credits                          208.00
**Balance Due as of  6/1/2009**                        **0.00**

## PARTIES

**CC — 09 — 03309 — B**

Filed: 04/23/2009

DAMAGES (NON COLLISION) County Court at Law No. 2

SHARON POTTS, JEFFREY JOHNSON vs. CONAGRA FOODS INC

| Plaintiff | Lead Attorney |
|---|---|
| POTTS, SHARON JOHNSON, JEFFREY | SIMS, DEBRA L. SIMS, DEBRA L. 2405/342 |

| Defendant | Lead Attorney |
|---|---|
| CONAGRA FOODS IN | LANORY, ANDRE A. M. 11868 750 |

1300 POST OAK BLVD STE 2000
HOUSTON TX 77056
(713) 986-7000  PAX (713) 986-7100 FAX

## ATTORNEYS

715 atty
6440 N. Central Expwy Ste 402
Dallas, TX 75206
214-220-0200  214-754-0515

5/28/09 DEFT ORIG ANSWER

## SETTINGS

AUG 2 8 2009



COUNTY COURT AT LAW NO. 2
GEORGE L. ALLEN SR. COURTS BUILDING
600 COMMERCE STREET, SUITE 555
DALLAS, TEXAS 75202
214-653-7365

Chambers of JUDGE KING FIFER

April 29, 2009

DEBRA L. SIMS
6440 N CENTRAL EXPWY
SUITE 402
DALLAS TX 75206

Re:    Cause No. CC-09-03309-B

SHARON POTTS, JEFFREY JOHNSON vs. CONAGRA FOODS INC

Dear Attorney:

Pursuant to Rule 165a of the Texas Rules of Civil Procedure, the above case is set for dismissal on **August 28, 2009 at 9:00 a.m.**

If an answer has not been filed by the requisite appearance date, you will be expected to have moved for a default judgment on or before the above-referenced dismissal date. Your failure to do so may result in dismissal of the case.

If you are unable to obtain service of process by the above-referenced dismissal date, you must notify the court and request an extension.

If an answer has been filed, a trial date will be set and you will be notified of same.

Motions for default judgment are handled by submission. A motion for default judgment should be filed with all documentation required under the law along with a proposed judgment. It is acceptable to present testimony regarding damages in the form of an affidavit. In certain cases, the Court may require a hearing on damages and, in those circumstances, a clerk will notify you regarding the necessity of a hearing.

Should you should have any questions, please feel free to contact us.

Very truly yours,

JUDGE KING FIFER
Judge Presiding